# Exhibit A

**SERVED: November 21, 2023**

U.S. DEPARTMENT OF TRANSPORTATION
OFFICE OF HEARINGS
WASHINGTON, DC

| | |
|---|---|
| In The Matter Of: ) | |
| ) | Docket No. PHMSA-2023-0038 |
| gh Package Product and Testing ) | |
|   Consulting, Inc. ) | Case Nos. 21-0367-PM-EA and |
| ) |           21-0371-PM-EA |
| Respondent ) | |

**ALJ'S DECISION**

On November 10, 2022, the PHMSA Office of Chief Counsel issued a Notice of Probable Violation ("Notice") to the Respondent, alleging three violations of the Hazardous Materials Regulations found at 49 C.F.R. Parts 171-180. The Respondent filed a timely reply pursuant to 49 C.F.R. § 107.313 and requested a formal hearing pursuant to 49 C.F.R. § 107.319.

On May 15, 2023, the PHMSA Chief Counsel requested the assignment of an ALJ to preside over these proceedings in accordance with 49 C.F.R. § 107.319(c). On May 17, 2023, the undersigned judge appointed himself to preside over these proceedings.

On November 6, 2023, the Office of Chief Counsel issued a Withdrawal of Notice of Probable Violation ("Withdrawal"), stating that no further action would be taken regarding the three violations alleged in the Notice. On November 20, 2023, the Office of Chief Counsel filed a motion requesting dismissal of these proceedings in light of the Withdrawal, citing both 49 C.F.R. § 107.319(c) and § 107.323(a) as authority for the dismissal. That same day, the Respondent filed a Response to the Complainant's Motion to Dismiss.

**1. Legal Authority**

Pursuant to 49 C.F.R. § 107.319(c), "the Chief Counsel and respondent may compromise or settle the case … without order of the ALJ or voluntarily dismiss the case under Rule 41(a)(1) of the Federal Rules of Civil Procedure without order of the ALJ." Further, in accordance with 49 C.F.R. § 107.319(c), a respondent may withdraw a request for hearing, "thereby terminating the jurisdication (*sic*) of the ALJ in the case" Otherwise, the case shall be conducted by the ALJ, who is charged with issuing a decision in accordance with 49 C.F.R. § 107.323(a), which states

in relevant part that, "[A]fter consideration of all matters of record in the proceeding, the ALJ shall issue an order dismissing the notice of probable violation in whole or in part or granting the sanction sought by the Office of Chief Counsel in the notice."

2. **Discussion**

   a. *There is no basis for dismissal of the case pursuant to 49 C.F.R. § 107.319(c).*

      i. <u>The parties have not settled the matter</u>.

The Office of Chief Counsel did not assert in its motion that the case had been settled. Further, the Respondent asserted in its response to the motion that the Office of Chief Counsel refused to discuss settlement with the Respondent.[1] It is therefore clear from the record in this case that the parties have not reached a settlement in this matter.

      ii. <u>The requirements of Rule 41(a)(1) of the Federal Rules of Civil Procedure have not ben met</u>.

As correctly pointed out by Respondent's counsel, Rule 41(a)(1) allows dismissal either by the complaining party (in this case, the Office of Chief Counsel) *before* the filing of an answer or by a stipulation of dismissal by all the parties. In this case, the Respondent has already filed an answer, and so the Office of Chief Counsel cannot unilaterally dismiss the case. Further, the Office of Chief Counsel has not provided a stipulation from all the parties or asserted in its motion that the parties have stipulated to such a dismissal. In fact, the Respondent explains in its response to the motion that it offered terms for such a stipulation to the Office of Chief Counsel, but these terms were not accepted.[2]

      iii. <u>The Respondent has not withdrawn its request for hearing</u>.

While not a basis for dismissal under 49 C.F.R. § 107.319(c), it is important to note that the Respondent has not withdrawn its request for hearing. The jurisdiction of the undersigned judge to decide the case therefore continues.

   b. *Dismissal under 49 C.F.R. § 107.323(a) is warranted by the record*.

The decision of the Office of Chief Counsel to take no further action on this case and request dismissal functions as a request to review the record and issue a decision without a hearing. It is clear from the record that the Office of Chief Counsel alleged three violations,[3] the Respondent

---

[1] *See* Response to Mot. Dismiss at 1 ("Counsel for claimant refused even to discuss settlement…").
[2] *See* Response to Mot. Dismiss at 2.
[3] *See* Notice of Probable Violation at 1.

refuted those allegations,[4] and the Office of Chief Counsel no longer intends to take any further action "regarding the three alleged violations set forth in the Notice."[5] In accordance with 49 C.F.R. § 107.321(c), the Office of Chief Counsel bears the burden of proving the facts alleged. By its decision to take no further action on the allegations, the Office of Chief Counsel has in effect failed to meet its burden.

Pursuant to 49 C.F.R. § 107.323(a), after consideration of all matters in the record of the proceeding, **IT IS HEREBY ORDERED**: the Notice is dismissed in whole.[6]

DOUGLAS M. RAWALD
Administrative Law Judge

Attachment: Service List

---

[4] *See generally* Reply to Notice of Probable Violation.
[5] Withdrawal of Notice of Probable Violation.
[6] In accordance with 49 C.F.R. § 107.325(a), a party aggrieved by an ALJ's decision and order issued under 49 C.F.R. § 107.323 may file a written appeal in accordance with procedures outlined in 49 C.F.R. § 107.325(c).